UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALISON LITT,

    Plaintiff,

v.

PAUL REVERE LIFE INSURANCE COMPANY, et al.,

    Defendants.
_____/

No. C 04-0561 PJH

**ORDER DENYING REQUEST TO ALLOW DISCOVERY**

    This is a case brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., challenging the denial of payment of long-term disability benefits. Plaintiff Alison Litt ("Litt") was employed by Sazevich Faulkner Associates ("Sazevich") and was insured under defendant Sazevich Group Long Term Disability Insurance Plan ("the Plan"), an employee welfare benefit plan governed by ERISA.

    Defendant Paul Revere Life Insurance Company ("Paul Revere") issued the group disability policy under which Sazevich was covered. In 1997, Litt became disabled and began receiving disability benefits. On March 28, 2001, she was notified that her benefits were being terminated. She appealed that decision, and defendants denied her appeal on August 21, 2001, and issued a final denial of the appeal on January 28, 2002.

    On February 10, 2004, Litt filed the present action, under 29 U.S.C. § 1132(a)(1)(B),

against Paul Revere, the Plan, and defendant UnumProvident Corporation (Paul Revere's holding company), seeking damages for unpaid benefits.

Defendants then filed a motion for partial summary judgment seeking an order that the standard of review in the case is abuse of discretion. Defendants argued that the language in the policy conferred full discretion on Paul Revere to determine eligibility for benefits.

Litt opposed the motion, claiming that the policy did not unambiguously confer discretionary authority on defendants, because the word "discretion" did not appear in the quoted policy language, and because the language was ambiguous with regard to what was granted. Litt argued that the court should therefore review the decision de novo.

The court granted defendants' motion on April 11, 2005, finding that the policy language clearly granted to Paul Revere the authority to determine eligibility for benefits and to interpret the policy in order to make claims determinations.

Litt now seeks an order allowing her to propound discovery. She argues that she should be allowed discovery related to the conflict of interest inherent in Paul Revere's dual role as insurer and claims administrator. She also contends that discovery should be permitted regarding all documents "relevant" to her claim for disability benefits. Defendants oppose the request, arguing that where the standard of review is abuse of discretion, no discovery is permitted.

When denial of benefits is challenged under 29 U.S.C. § 1132(a)(1)(B), the district court's review of the administrator's decision is de novo, unless the benefit plan unambiguously confers discretion on the administrator. Kearney v. Standard Ins. Co., 175 F.3d 1084, 1089 (9th Cir. 1999) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)). When discretion is conferred, the exercise of that discretion is reviewed under the "arbitrary and capricious" standard (or "abuse of discretion"). See Atwood v. Newmont Gold Co., Inc., 45 F.3d 1317, 1321 & n.1 (9th Cir. 1995); McKenzie v. Gen'l Tel. Co. of Calif., 41 F.3d 1310, 1314 (9th Cir. 1994).

However, if the benefit plan gives discretion to an administrator who is operating under an "apparent" conflict of interest – which exists when the policy is issued by, and the plan is

administered by, the same entity (the insurance company) – "that conflict must be weighed as a factor in determining whether there is an abuse of discretion." Atwood, 45 F.3d at 1322 (citing Firestone, 489 U.S. at 115). When such a conflict exists, the court's review, "although still for abuse of discretion, is 'less deferential.'" Tremain v. Bell Industries, Inc., 196 F.3d 970, 976 (9th Cir. 1999); see also Atwood, 45 F.3d at 1322-23 (district court must apply "heightened scrutiny," or a "less deferential" standard).[1]

This "less deferential" standard involves two steps. See Hensley v. Northwest Permanente P.C. Ret. Plan & Trust, 258 F.3d 986, 994-95 & n.5 (9th Cir. 2000) (in cases where beneficiary alleges that administrator has conflict of interest, Ninth Circuit follows Atwood two-part test to determine whether to use heightened level of scrutiny in reviewing administrator's benefits decisions). First, the court must determine whether the beneficiary has provided "'material, probative evidence, beyond the mere fact of the apparent conflict, tending to show that the fiduciary's self-interest caused a breach of the administrator's fiduciary obligations to the beneficiary.'" Id. at 995 (quoting Atwood, 45 F.3d at 1323).

The Ninth Circuit has not explicitly defined what might suffice to constitute a breach of fiduciary duty in this context, but it has stated that "material, probative evidence" may consist of "inconsistencies in the plan administrator's reasons, insufficiency of those reasons, or procedural irregularities in the processing of the beneficiaries [sic] claims." Nord v. Black & Decker Disability Plan, 356 F.3d 1008, 1010 (9th Cir. 2004); see also Lang, 125 F.3d at 799 (insurer's inconsistent position with regard to showing required of beneficiary in order to qualify for benefits); Tremain, 196 F.3d at 977 (insurer's varying and inconsistent definitions of disability); Friedrich v. Intel Corp., 181 F.3d 1105, 1110 (9th Cir. 1999) (plan administrator's failure to follow internal procedures or to provide full and fair appeals procedure).

If the beneficiary does not provide this evidence, the court applies the "'traditional

---

[1] In Rush Prudential HMO, Inc. v. Moran, 536 U.S. 355 (2002), the Supreme Court noted that "[i]t is a fair question just how deferential the review can be when the judicial eye is peeled for conflict of interest." Id. at 384 n.15.

3

abuse of discretion review.'"[2] Hensley, 258 F.3d at 995 (quoting Atwood, 45 F.3d at 1323); see also Bendixen v. Standard Ins. Co., 185 F.3d 939, 943 (9th Cir. 1999); Lang v. Long-Term Disability Plan, 125 F.3d 794, 798 (9th Cir. 1997).  If the beneficiary does make the required showing, the plan then "bears the burden of rebutting the presumption by producing evidence to show that the conflict of interest did not affect its decision to deny or terminate benefits."  Atwood, 45 F.3d at 1323; Tremain, 196 F.3d at 976 (quoting Lang, 125 F.3d at 798).  The plan might meet this burden by, for example, "showing how its decision in fact benefitted the plan as a whole and therefore the rest of the beneficiaries under the plan."  Lang, 125 F.3d at 798.  If the plan fails to carry this burden of rebutting the presumption, then the court must review the denial of benefits de novo.  Hensley, 258 F.3d at 995 (citing Atwood, 45 F.3d at 1323).

In the present case, the court has already found that the Plan confers discretion on the administrator, and that the standard of review is therefore abuse of discretion.  Litt did not argue in opposing defendants' motion (as she might have) that it was premature for the court to decide the standard of review so early in the case.  Nor did she argue that the standard of review should be de novo, based on the conflict created by Paul Revere's dual roles as insurer and claims administrator, or based on any breach of fiduciary duty by Paul Revere.  Indeed, she did not mention conflict of interest in the previous motion.

Litt now suggests that the previous motion was aimed at obtaining a sort of preliminary determination from the court with regard to whether the Plan conferred discretion on the Plan administrator, and that she is now entitled to conduct discovery into the apparent conflict of interest, in preparation for a later motion on whether the conflict is sufficiently "serious" to warrant de novo review.

In Taft v. Equitable Life Assurance Soc., 9 F.3d 1469 (9th Cir. 1993), the Ninth Circuit

---

[2] "Though the claimant obviously has a financial interest in getting the money, while the plan has a financial interest in keeping it, that alone cannot establish conflict of interest in the administrator, because it would leave no cases in the class receiving deferential review under Firestone."  Jordan v. Northrop Grumman Corp. Welfare Benefit Plan, 370 F.3d 869, 876 (9th Cir. 2004).

4

stated that "the abuse of discretion standard permits the district court to 'review only the evidence presented to the [plan] trustees.'" Id. at 1471 (citing Jones v. Laborers Health & Welfare Trust Fund, 906 F.2d 480, 482 (9th Cir. 1990)); see also McKenzie, 41 F.3d at 1316 (under abuse of discretion standard, district court may review only evidence which was presented to plan trustees or administrator). A majority of courts of appeal have taken the same position. See, e.g., Hall v. Unum Life Ins. Co. of America, 300 F.3d 1197, 1201 (10th Cir. 2002) (citing cases); Miller v. United Welfare Fund, 72 F.3d 1066, 1071 (2nd Cir. 1995) (same).

In Tremain, the Ninth Circuit reiterated that the district court may consider only the administrative record when reviewing a benefits decision for abuse of discretion. Tremain, 196 F.3d at 976. The Ninth Circuit held, however, that the district court could consider evidence from outside the administrative record on the question whether the administrator's conflict of interest affected its decision to deny benefits to the claimant, distinguishing that inquiry from the actual review of the benefits decision. "That is a threshold issue which must be decided before a court can determine what standard of review to apply to a plan administrator's benefits decision. Taft does not preclude the consideration of such evidence." Id. at 977.

The court held, in addition, that once the standard of review has been determined to be de novo, the district court could consider evidence outside the administrative record "when that evidence 'is necessary to conduct an adequate de novo review of the benefits decision.'" Id. at 978 (quoting Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan, 46 F.3d 938, 943-44 (9th Cir. 1995) (extra evidence allowed where plan administrator had incorrectly interpreted plan)).[3] However, the Ninth Circuit has not addressed the question whether a claimant may conduct discovery for the purpose of obtaining evidence to support a claim of conflict of interest.

---

[3] Where the standard of review is de novo, most circuits allow the admission of additional evidence – beyond what is contained in the administrative record – in limited circumstances. See Hall, 300 F.3d at 1201-02 (citing cases).

In the present motion, Litt argues that in order that she might have a "fair chance to present such evidence," she should be given the opportunity to conduct reasonable discovery to uncover material, probative evidence showing that Paul Revere's self-interest caused a breach of fiduciary duty. She asserts that the existence of a serious conflict "remains to be determined in the course of briefing the merits of the claim, which is expected to occur during cross-motions for summary judgment." She takes the position that since evidence from outside the administrative record is admissible to establish defendants' conflict of interest, she should be allowed reasonable discovery to gather such evidence.

Litt relies on two cases from district courts within the Ninth Circuit – Medford v. Metropolitan Life Ins. Co., 244 F. Supp. 2d 1120 (D. Nev. 2003); and Waggener v. Unum Life Ins. Co. of America, 238 F. Supp. 2d 1179 (S.D. Cal. 2002) – in which the courts allowed discovery. In Medford, defendants moved for a stay of discovery, arguing that discovery is not permitted in suits alleging claims under ERISA. Defendants also claimed that the court was required to review the decision under an abuse of discretion standard, as the plan at issue vested the plan administrators with full discretion. Medford, 244 F. Supp. 2d at 1124. The plaintiff argued that discovery should be allowed in order to determine which standard of review to impose. Id.

The court agreed with defendants that a district court is strictly limited to evidence in the administrative record when reviewing a plan under an abuse of discretion standard. Id. at 1128 (citing Taft, 9 F.3d 1472). The court noted, however, that under Tremain, the district court is not limited to the administrative record when considering evidence of a conflict of interest "to determine the correct standard of review," but has discretion to consider evidence outside the record. Id. The court cited Mongeluzo, a case holding that evidence outside the record may be considered as part of a de novo review of a benefits decision, for the proposition that "the court should consider what additional evidence is required 'to enable the full exercise of informed and independent judgment.'" Id. (citing Mongeluzo, 46 F.3d at 943).

The court also stated that when determining the scope of discovery, a court should balance the goals of maintaining low premium costs "with the demands of reaching an

6

informed and independent review of the benefits decision." Id. at 1129.  Ultimately, the court allowed the plaintiff limited discovery on issues related to what standard of review should be applied and whether there was a conflict of interest affecting the benefits determination. Id.

In Waggener, the administrator moved for a protective order precluding the employee/beneficiary from conducting any discovery outside the administrative record.  Both parties had agreed that the district judge would review the administrator's decision de novo. The plaintiff argued that the court should consider evidence outside the administrative record, particularly the issue of whether the administrator's decision was biased because the administrator was also the insurer.  The plaintiff had propounded wide-ranging discovery requests.

The court first noted that under Ninth Circuit authority, the district court has discretion to consider evidence outside the record when conducting a de novo review of a benefits decision.  Waggener, 238 F.Supp. 2d at 1183 (citing Mongeluzo, 46 F.3d at 943-44).[4]  The court also listed some of the "exceptional circumstances" that might give rise to the need for additional evidence, such as

> "claims that require consideration of complex medical questions or issues regarding the credibility of medical experts; the availability of very limited administrative review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process."

Id. (quoting Quesinberry v. Life Ins. Co. of North America, 987 F.2d 1017, 1027 (4th Cir. 1993)).

The court reviewed the plaintiff's discovery requests, and concluded that some of the information sought was discoverable.  However, the court made clear that its ruling was based solely on the fact that the review was to be de novo, stating that where a district court is reviewing the record for abuse of discretion, "it may be appropriate for the court to prohibit

---

[4] The district court also acknowledged that when the review is for abuse of discretion, such review is limited to the evidence in the record.  Id. at 1182.

discovery and instead simply assume that a conflict exists warranting some heightened standard of review of the administrator's decision." Id. at 1184-85 (citing Palmer v. Univ. Med. Group, 973 F. Supp. 1179 (D.Or. 1997), where the court did not allow discovery in a typical denial-of-benefits case.)

In opposition to the motion, defendants contend that the showing of conflict of interest must be based on the administrative record itself, and that Litt should not be permitted to embark on a "fishing expedition" in her effort to create a serious conflict based on evidence from outside the record. Defendants contend that the decisions in Medford and Waggener are not persuasive, and rely instead on two decisions – Newman v. Standard Ins. Co., 997 F.Supp. 1276 (C.D. Cal. 1998); and Brown v. Hartford Life and Accident Ins. Co., slip. op. (N.D. Cal., Jan. 16, 2004), 2004 U.S. Dist. LEXIS 5059 – in which the district courts did not allow discovery.

In Newman, the court first considered whether the appropriate standard of review should be abuse of discretion or de novo. The plan at issue granted discretionary authority to the insurer, but the court noted that it was faced with an inherent conflict of interest because the insurer was both the administrator and the funding source. Applying the burden-shifting analysis originally set forth in Atwood, the court found that the plaintiff had not met her burden of providing material, probative evidence beyond the mere fact of the apparent conflict. Newman, 997 F.Supp. at 1279-80.

The court then addressed the issue of what evidence the court might consider in making that review. The court first observed, citing Taft, that in abuse of discretion cases, evidence outside the administrative record is completely inadmissible, and stated that consequently it would admit no evidence from outside the administrative record for deciding the merits of the plaintiff's claim. The court then considered the plaintiff's argument that she was entitled to discovery on the issue of whether the administrator's decision was tainted by its apparent conflict of interest as both administrator and funding source for the plan. The court conceded that this argument made "a certain amount of logical sense," but also found "immense practical problems associated with this position." Id. at 1280.

1    The court concluded that allowing discovery every time a plaintiff asserted conflict of
2 interest would impose on every ERISA case "far-reaching, open-ended, nearly limitless
3 discovery," and that this outcome would "fly in the face of the purpose of ERISA" – to allow
4 workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously.
5 Id. at 1281.  The court also noted that Lang, the case most relied on by the plaintiff, did not
6 support the request for discovery, as the material probative evidence in that case – namely,
7 the inconsistency in the administrator's explanations of the reasons for the denial of benefits –
8 came from the administrative record itself.  Id.  The court concluded that the plaintiff was not
9 entitled to take discovery on the issue of whether the insurer's determination was tainted by
10 self-interest.  Id.

11    In Brown, the plaintiff moved for leave to conduct discovery in order to determine
12 whether an actual conflict of interest existed.  The court adopted the reasoning in Newman,
13 noting that allowing this type of discovery would undermine the primary goal of ERISA – "to
14 provide a method for workers and beneficiaries to resolve disputes over benefits
15 inexpensively and expeditiously" – because it would "involve far-reaching, open-ended, nearly
16 limitless discovery."  Brown, 2004 U.S. Dist. LEXIS 5059 at *5 (quoting Newman, 997 F.
17 Supp. at 1280 (internal citations omitted)).  The court found Newman more consistent with the
18 goals of ERISA than the decision in Medford.  Id. at *6.  The court denied plaintiff's motion for
19 discovery.

20    The court finds that Litt's motion for leave to propound discovery to obtain evidence on
21 the issue of conflict of interest should be DENIED.  There is no Ninth Circuit authority for the
22 proposition that, where the standard of review is abuse of discretion, a claimant/plaintiff can –
23 without making any showing of good cause – conduct discovery for the purpose of obtaining
24 information to attempt to show a serious conflict of interest resulting in a breach of fiduciary
25 duty.  Moreover, the court has already granted partial summary judgment on the question of
26 the appropriate standard of review.  Having determined that the proper standard of review is
27 abuse of discretion, the court need not at this point further consider whether plaintiff should be
28 allowed to conduct discovery to show a conflict of interest.  "[T]he point of showing a conflict of

interest is to obtain a more demanding standard of review than abuse of discretion." Grosz-Salomon v. Paul Revere Life Ins. Co., 237 F.3d 1154, 1162 n.34 (9th Cir. 2001). Plaintiff had the opportunity to argue that the standard of review should be de novo based on the claims administrator's conflict of interest, but did not do so.

It is true that courts, such as the court in Waggener, have allowed discovery where it has already been determined that the appropriate standard is de novo. It is also true that courts have allowed discovery where the plaintiff has asserted conflict of interest, and has provided some examples of the breach of fiduciary duty allegedly arising from the conflict, and there has been no determination of what the appropriate standard of review should be, as in Medford. However, there is no authority for what Litt is trying to do here – obtain evidence in discovery in order to re-argue the question of the appropriate standard of review. Indeed, in Newman, the court refused to allow the plaintiff to seek outside evidence in discovery precisely because the standard of review had already been determined to be abuse of discretion, and because plaintiff had not provided any evidence of any serious conflict of interest.

Litt has not cited any authority for the proposition that there is some automatic entitlement to discovery in order to establish that a plaintiff is entitled to de novo review, where the plaintiff has made no showing that a conflict exists, beyond the "apparent conflict" between the insurer's role as insurer and as claims administrator.

Nor has she made not even a minimal showing of good cause for discovery. That is, she has pointed to no evidence in the record indicating that the "apparent conflict" caused a breach of fiduciary duty. Were the court to find Litt entitled to discovery under these circumstances, it would be tantamount to approving a practice of permitting discovery in every case where complete discretion is conferred on the claims administrator, and there is an "apparent conflict" based on the insurer's dual role as insurer and claims administrator.

The court also finds that the cases on which Litt relies – Medford and Waggener – are less persuasive than those on which defendants rely – Newman and Brown. As noted above, Waggener held that extrinsic evidence could be considered to ascertain whether a conflict

existed in a situation where the parties had agreed that the review would be de novo. Thus, Waggener is not applicable in the present case.

Medford provides no authority for its conclusion that "there is sufficient language in the plans to suggest an apparent conflict such that plaintiff should be able to pursue discovery on this issue." Medford, 244 F.Supp. 2d at 1128. In addition, the sole authority cited by the Medford court in support of the propositions that where there is an apparent conflict of interest, "the court must undertake an immediate inquiry to determine whether the conflict of interest affected the decision" (suggesting some sort of imperative to act sua sponte), is Regula v. Delta Family-Care Disability Survivorship Plan, 266 F.3d 1130, 1145 (9th Cir. 2001). However, Regula was overruled on other grounds by Black & Decker v. Nord, 538 U.S. 822 (2003), and was then vacated by the Ninth Circuit. See Regula v. Delta Family-Care Disability Survivorship Plan, 354 F.3d 1133 (9th Cir. 2004).

The Medford court states further that "[w]hen looking for evidence of conflict of interest to determine the correct standard of review . . . the district court should consider what additional evidence is required 'to enable the full exercise of informed and independent judgment,'" and cites Regula, 266 F.3d at 1147, which in turn cited Mongeluzo, 46 F.3d at 943. However, Mongeluzo involved a case of de novo review, and addressed the use of extrinsic evidence in such a case, not the right to discovery of new evidence.

While neither Waggener nor Medford provides an analysis that is applicable to the present case, the court finds that Newman comes closer to the mark, as it emphasizes the "practical problems" inherent in the argument that an ERISA plaintiff is always entitled to discovery on the issue of conflict of interest – specifically, that allowing such discovery would impose on every ERISA case far-reaching and nearly limitless discovery, which would "fly in the face of the purposes of ERISA." Although Newman is a pre-Tremain case, its holding with regard to discovery was not invalidated by Tremain's ruling that the district court can consider evidence from outside the record on the question whether the administrator's conflict of interest affected its benefits decision. Tremain held only that such evidence is admissible, not that a plaintiff is automatically entitled to seek such evidence in discovery.

Similarly, the decision in Brown, which follows the reasoning in Newman, also finds that allowing discovery in ERISA cases would undermine the primary goal of ERISA – providing beneficiaries and participants with a method of resolving disputes inexpensively and expeditiously.

In her second argument, Litt indicates that she believes that the administrative record is incomplete – that defendants are withholding some information that was considered by the claims administrator in making the decision to deny benefits. She asserts that under Glista v. Unum Life Ins. Co. of America, 378 F.3d 113 (1st Cir. 2004), a First Circuit case, she should be permitted to seek "all relevant documents" – as defined by 29 C.F.R. § 2560-503-1 – in discovery.

Under 29 C.F.R. § 2560.503-1, a claimant who is appealing an adverse benefit determination must be provided, "upon request and free of charge," copies of "all documents, records, and other information relevant to the claimant's claim for benefits." 29 C.F.R. § 2560.503-1(h)(2)(iii). A document, record, or other information is considered "relevant" to a claimant's claim if it (a) was relied on in making the benefit determinations; (b) was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination; (c) demonstrates compliance with the required administrative processes and safeguards that are designed to ensure that benefit claim determinations are made in accordance with governing plan documents and that plan provisions are applied consistently with regard to similarly situated claimants; or (d) in the case of a plan providing disability benefits, constitutes a statement of policy or guidance with regard to the plan concerning the denied benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination. 29 C.F.R. § 2560.503-1(m)(8).

Litt's counsel provides a declaration with a copy of a letter he wrote to defendants' counsel on June 25, 2001, requesting a complete copy of the claim file, and also requesting all other documents which are relevant to a determination of this claim," including "documents

1 in any location, which have been considered by UnumProvident in connection with this claim
2 and any audio or video tapes, phonographs, or material of any kind and every kind reviewed
3 by UnumProvident in connection with this claim," as well as "all internal memoranda or other
4 writings related to this claim, including memoranda of phone conversations, letters to and from
5 investigators, physicians, consultants, staff persons, attorneys, or others who have provided
6 any information, advice, or consultation relating to this claim."

   The letter specifically requested nine documents or categories of documents, and included a list of twelve questions with related requests for additional documents and information. Litt claims that despite this request, Paul Revere failed to provide her with the information and documents she requested.

   Defendants respond that Litt's request for discovery regarding "all relevant documents" should be denied. They argue that Glista is not persuasive authority, as that case involved the admissibility in an ERISA case of internal guidelines and training manuals that interpreted certain plan terms, and the question whether a plan administrator may defend a denial of benefits on a basis different than that articulated to the claimant during the internal review process. They also note that the Glista court concluded its analysis by stating, "We decline to adopt hard-and-fast rules as to either question." Glista, 378 F.3d at 115.

   The court finds that the fact that federal regulations require Paul Revere to provide "all relevant documents" does not confer carte blanche on Litt to seek wide-ranging discovery from defendants. The regulations simply describe what should be in the administrative record. Defendants have provided Litt with a copy of the record. Without some showing of good cause – some clear indication that defendants have provided an incomplete record – Litt cannot establish a need for discovery.

   Moreover, apart from the declaration of counsel with the attached letter, Litt does not identify what documents she seeks or provide any good cause for discovery.[5] Indeed, she

---

[5] In the reply brief, Litt asserts that the administrative record contains a photocopy of the covers of two compact disks "apparently containing video surveillance results," and asserts that she is entitled to receive the actual compact disks themselves. However, she did not mention this evidence in her moving papers.

1  has not even explained what is in the record that she has received. As the letter from her
2  counsel was written before Paul Revere had denied Litt's appeal of the termination of benefits
3  or provided her with a copy of the administrative claim file – which consists of some 593
4  pages, according to defendants' Bates numbers – there is no way of knowing which specific
5  information she now believes she did not receive in the claim file. Thus, the court has no basis
6  upon which to determine whether the record is incomplete.

## CONCLUSION

In accordance with the foregoing, the court DENIES Litt's request to allow her to propound discovery. Particularly, given the absence of a narrow request geared to finding specific information, and given Litt's failure to identify the effect of the supposed "conflict" on Paul Revere's benefits decision, the court views the request as too closely resembling a "fishing expedition." Granting such a request would be the equivalent of finding that discovery should be available to every ERISA plaintiff upon demand.

However, even though Litt failed to raise the "conflict" argument in opposition to defendants' motion for summary judgment on the standard of review, she may not be foreclosed from arguing in a future motion, based on evidence in the record, that the conflict between Paul Revere's role as insurer and its role as claims administrator caused it to breach its fiduciary duty.

Should Litt be able to present evidence of a "serious conflict" from within the record, and Paul Revere not be able to rebut that showing, such that the standard of review becomes de novo, then Litt might be in a position to seek leave to conduct discovery – assuming she can establish good cause and can articulate what specific discovery she needs.

**IT IS SO ORDERED.**

Dated: October 19, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge